

33587 Walker Road
Avon Lake, Ohio 44012

11 April 2017

Kevin Sheridan
Westlake Vinyls
2468 Industrial Parkway
Calvert City, Kentucky
*via email*

**Re:     Westlake Invoices 103116-01, 112116-01, and 112216-01**

Dear Kevin:

PolyOne has received the above-referenced Westlake invoices for costs claimed at the Calvert City Site. Westlake has requested indemnification for costs totaling $5,748,940.25, including costs of $4,903,123.15, associated with excavation and construction at South Cracking (Invoice 103116-01); $139,929.60, associated with excavation and construction at the E&E Shop (Invoice 112116-01); and $705,887.50, associated with excavation and construction at the Chlorine Hypo Tower (Invoice 112216-01).

Westlake has not provided documentation sufficient to support its request for almost $6 million in construction-related excavation and disposal costs. In particular, Westlake has provided no documentation to support its decision to dispose of the excavated soil and debris as hazardous waste. Other charges included in Westlake's invoices appear unrelated to environmental investigation or remediation; based on the information provided, PolyOne does not appear to be responsible for paying these charges under the 1990 Master Conveyance Agreement, the 1997 Purchase and Sale Agreement, or the 2007 Settlement and Release Agreement. Finally, other charges appear to be excessive or unnecessary.

Please provide the following information to allow PolyOne to properly evaluate Westlake's claims, or explain why PolyOne should be responsible for paying charges that do not appear to be related to environmental investigation or remediation of the Site, or that appear to be excessive or unnecessary.

1. **South Cracking (Invoice 103116-01)**

    (a) For all waste disposal invoices, please provide:
      (i) analytical results and classification criteria, including TCLP samples, used to determine waste code(s) and/or the TSCA determination identified on the invoice and the accompanying manifest(s)
      (ii) a Waste Profile Approval from the disposal facility that includes a description of the disposal method
      (iii) Certificates of Disposal, Land Disposal Restrictions (LDR) Notification and Certification Forms, and scale tickets for each manifest listed on the invoice
      (iv) a quote or contract for waste transportation and disposal that explains the pricing of the services provided

    (b) Please provide a work plan describing Westlake's procedures for the characterization, management, and disposal of wastes generated by the excavation. Please include information sufficient to explain Westlake's procedures for (i) handling excavated soil with visible mercury and other NAPLs; (ii) sampling roll-off boxes prior to their transportation for offsite disposal; and (iii) determining the waste code and shipping destination for each roll-off box.

    (c) Please provide analytical data, including validation, for samples taken to characterize soil excavated from the area around the #13 Furnace, and all field notes associated with excavation and sampling activities in the #13 Furnace area.

(d) AES Environmental Invoices AES-156695 and AES-159213: These invoices appear to include charges for the transportation of waste and roll-off boxes that were rejected by the disposal facility. PolyOne is not responsible for paying the cost of transporting waste that is rejected by the disposal facility. Please explain the basis for including these invoices in Westlake's indemnity demand. Also, please explain why it was necessary to transport roll-off boxes to and from Port Arthur, Texas, instead of a location closer to Calvert City.

(e) AES Environmental Invoices AES-157966, AES-157971, AES-157967, AES-157969, AES-158165, AES-158257, AES-161777, AES-162388, and AES-162390: Please provide hazardous waste manifests for these invoices.

(f) AES Environmental Invoices AES-157966, AES-157967, AES-157969, AES-157971, AES-157972, AES-158165, AES-158829, AES-158831, AES-158562, AES-158563, and AES-158564: Please provide documentation to support the "Mercury Surcharge" assessed for each of these invoices, including procedures used for sampling the waste prior to disposal, the analytical results from the samples collected, and an explanation of how the Mercury Surcharge is calculated.

(g) AES Environmental Invoice AES-157969: Please provide more information as to why Westlake was charged $1,073.00 for an item described as "Roll-Off-Dig Out Fee (Liner glued to floor)" and the basis for requesting indemnity from PolyOne.

(h) AES Environmental Invoice AES-158310: This invoice describes the material disposed of as "Ethylene Pistol Pad Sump Sludge". This appears to be waste from Westlake's manufacturing process. PolyOne is not responsible for paying for the cost of disposing of this waste.

(i) AES Environmental Invoice AES-158312: This invoice describes the material disposed of as "Carbon". It is not clear what the origin of the "Carbon" is or why PolyOne would be responsible for paying for the cost of disposing of this waste. Please provide additional information regarding the origin of this waste.

(j) AES Environmental Invoice AES-158448: This invoice describes materials including mercury-contaminated sludge, piping and equipment with mercury, and waste oil with water. Please describe the source of these materials.

(k) AES Environmental Invoices 159314, 159315, 159316, 159536, 159538, and 159539: The quantity of waste listed on these invoices is greater than the quantity listed on the accompanying manifests. Please explain these discrepancies. In addition, the "units" of waste on this Invoice 159536 appear to be incorrect.

(l) AES Environmental Invoices AES-161385, AES-161387, AES-161549, AES-162122, AES-162140, AES-162152, and AES-165882: Please explain and provide documentation to support the discrepancies listed in Section 18a of the manifests accompanying these invoices.

(m) AES Environmental Invoices AES-161405 and AES-161563: These invoices include charges for the transportation of empty roll-off bins. Please explain why it was necessary for Westlake to transport empty roll-off bins from Port Arthur, Texas to Kentucky.

(n) AES Environmental Invoices AES-162887, AES-164198, and AES-166164 : Please provide documentation to explain the reason for and the necessity of the roll-off box rental and return charges on these invoices, including the date each box was received at the Site, the date each box was returned, and documentation to support the number of hours to return each box. Also, please explain why some of the transportation charges on Invoice AES-164198 appear to be per trip while other charges appear to be charged at an hourly rate.

(o) AES Environmental Invoice AES-163713: These charges are for cleaning 69 roll-off boxes on 09 February 2015. Please provide documentation to support the necessity of these cleaning charges.

(p) Heritage Environmental Services Invoices 1718344, 1720450, 1720707, 1721592, 1721916, 1725243, and 1728817: These invoices include charges that appear to be for transport and/or disposal of dirt, rock, brick, and/or concrete. No information is provided to characterize these wastes. In addition, no manifests are provided to document the transportation of the materials described in these invoices. Please provide additional documentation to describe the nature of the services provided by Heritage Environmental, including manifests, sample analytical results, scale tickets, LDRs, Certificates of Disposal, and Waste Profile Approvals.

(q) Jesco Industrial Service Invoice 1391003220: This invoice includes $1,994.40 in charges for services related to the "S/S Vac Scrubber". These charges appear to be unrelated to the #13 Furnace excavation. PolyOne is not responsible for paying these charges.

(r) Morsey Constructors Invoice 13605: This invoice includes $38,709.00 in charges for "#13 Furnace Equipment & Shoring". These costs do not appear to be environmental investigation or remediation. Please provide additional documentation to support Westlake's claim for these costs.

(s) United Rentals Invoice 120007072-001: The charges on this invoice do not appear to be related to environmental investigation or remediation. Please provide additional documentation to support Westlake's claim for these expenses.

(t) Veolia Environmental Services Invoices 504638684, 504638685, 504638686, 504638687, 504638688, and 505994270: These invoices include surcharges for the disposal of debris and/or mercury. Please provide documentation, including any relevant correspondence with Veolia, to support the surcharges assessed for each of these invoices, including procedures used for sampling the waste prior to disposal, the analytical results from the samples collected, and an explanation of how the surcharges are calculated. Please also explain the source of soil in roll-off boxes associated with each of these invoices.

(u) Westlake Labor and Material Costs: Westlake Invoice 103116-01 includes Westlake labor costs in the amount of $20,200.13 and material costs in the amount of $2,216.65. The information provided to PolyOne does not identify these costs as related to environmental investigation or remediation or to contamination at the Site. Please provide additional documentation to support Westlake's claim for these costs.

2. **E&E Shop (Invoice 112116-01)**

   (a) AES Environmental Invoice AES-155583: Please provide:
      (i) analytical results used to determine waste code identified on the invoice and the accompanying manifests
      (ii) a Waste Profile Approval from the disposal facility that includes a description of the disposal method
      (iii) Certificates of Disposal and LDR Notification and Certification Forms for each manifest listed on the invoice
      (iv) a quote or contract for waste transportation and disposal that explains the pricing of the services provided

   (b) Please provide a work plan describing Westlake's procedures for the characterization, management, and disposal of wastes generated by the excavation. Please include information sufficient to explain Westlake's procedures for (i) handling excavated soil with visible NAPL; (ii) sampling roll-off boxes prior to their transportation for offsite disposal; and (iii) determining the waste code and shipping destination for each roll-off box.

   (c) Please provide analytical data, including validation, for samples taken to characterize soil excavated from the area around the E&E Maintenance Shop, and all field notes associated with excavation activities in the E&E Maintenance Shop area.

3. **Chlorine Hypo Tower (Invoice 112216-01)**

   (a) For all waste disposal invoices, please provide:
      (i) analytical results used to determine waste code identified on the invoice and the accompanying manifest(s)
      (ii) a Waste Profile Approval from the disposal facility that includes a description of the disposal method
      (iii) Certificates of Disposal and LDR Notification and Certification Forms for each manifest listed on the invoice
      (iv) a quote or contract for waste transportation and disposal that explains the pricing of the services provided

   (b) Please provide a work plan describing Westlake's procedures for the characterization, management, and disposal of wastes generated by the excavation. Please include information sufficient to explain Westlake's procedures for (i) handling excavated soil with visible NAPL; (ii) sampling roll-off boxes prior to their transportation for offsite disposal; and (iii) determining the waste code and shipping destination for each roll-off box.

(c) Please provide analytical data, including validation, for samples taken to characterize soil excavated from the area around the Chlorine Hypo Tower, and all field notes associated with excavation activities in the Hypo Tower area.

(d) AES Environmental Invoices AES-172165 and AES-173236: Please provide scale tickets for each of the manifests included in these invoices. Also, please provide an explanation of the $3,000.00 minimum charge for the disposal of soil shipped pursuant to Manifest 013837314JJK.

(e) AES Environmental Invoice AES-171967: Please provide Manifests 013837113JJK and 013837128JJK and the corresponding scale tickets. Also, there appears to be a discrepancy between the weight shown on Manifest 013837127JJK and the scale ticket submitted with the manifest. Please provide the correct scale ticket.

(f) AES Environmental Invoice AES-171968: Please provide Manifests 013837131JJK and 013837136JJK and the corresponding scale tickets.

(g) AES Environmental Invoice AES-171969: Please provide Manifest 013837146JJK and the corresponding scale ticket.

(h) AES Environmental Invoice AES-171970: Please provide Manifest 013837144JJK and the corresponding scale ticket. Also, please provide an explanation of the $3,000.00 minimum charge for the disposal of soil shipped pursuant to Manifest 013837144JJK.

(i) AES Environmental Invoice AES-172242: Please provide Manifests 013837167JJK, 013837168JJK, 013837169JJK, 013837170JJK, and 013837171JJK and the corresponding scale tickets.

(j) AES Environmental Invoice AES-172286: Please provide Manifest 013837200JJK and the corresponding scale ticket.

(k) AES Environmental Invoice AES-173237: Please provide an explanation of the $3,000.00 minimum charge for the disposal of soil shipped pursuant to Manifest 013837319JJK.

(l) Waypoint Analytical Invoices 466473, 467301, 472014, and 470763: Please provide complete analytical reports and chains of custody for the samples and laboratory analyses referenced in these invoices.

To the extent that Westlake can provide adequate documentation for the charges in these invoices, PolyOne will assume Initial Responsibility for payment of the invoices under the 2007 Settlement Agreement. PolyOne reserves the right to allocate liability for the expenses submitted by Westlake under the 2007 Settlement Agreement. PolyOne also reserves the right to challenge Westlake's characterization of the costs as Allocable Costs in future arbitration proceedings undertaken pursuant to the Settlement Agreement.

Sincerely,

Ernie Schaub
Manager, Environmental Services
PolyOne Corporation

cc:     Bruce Amig, Goodrich